Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

# UNITED STATES DISTRICT COURT

for the

Southern District of Georgia  ▾

Augusta _____ Division

2021 JUL 13 ₽ 4: 39

CLERK_____
SO.[__] OF GA.

|  |  |  |
|---|---|---|
| Floyd E. Cross | ) | Case No. **CV121 - 108** |
|  | ) | *(to be filled in by the Clerk's Office)* |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)*  ✔Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |  |
| *please write "see attached" in the space and attach an additional* | ) |  |
| *page with the full list of names.)* | ) |  |
| -v- | ) |  |
|  | ) |  |
| U.S. Postmaster General Louis DeJoy (formerly Megan | ) |  |
| J. Brennan), Wadley/Midville Postmaster Candice | ) |  |
| Hadden, Rural Carrier Kelli Brown, EEOC Director of | ) |  |
| Federal Operations Carlton M. Hadden | ) |  |
| *Defendant(s)* | ) |  |
| *(Write the full name of each defendant who is being sued. If the* | ) |  |
| *names of all the defendants cannot fit in the space above, please* | ) |  |
| *write "see attached" in the space and attach an additional page* |  |  |
| *with the full list of names.)* |  |  |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Floyd E. Cross |
| Street Address | 161 E. Lee Street |
| City and County | Midville, Burke |
| State and Zip Code | Georgia 30441 |
| Telephone Number | 478 589 7110 |
| E-mail Address | fecross@pineland.net |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Louis DeJoy |
| Job or Title *(if known)* | U.S. Postmaster General |
| Street Address | 475 L'Enfant Plaza S.W. |
| City and County | Washington, D.C. |
| State and Zip Code | District of Columbia 20260 |
| Telephone Number | (800) 275-8777 |
| E-mail Address *(if known)* | Louis DeJoy@USPS.gov |

Defendant No. 2

| | |
|---|---|
| Name | Candice Hadden |
| Job or Title *(if known)* | Wadley/Midville Postmaster |
| Street Address | 113 Railroad Ave.Wadley Post Office |
| City and County | Wadley  Jefferson |
| State and Zip Code | Georgia  30477 |
| Telephone Number | (478) 252-9192 |
| E-mail Address *(if known)* | Janice M. Sutton@USPS.gov |

Defendant No. 3

| | |
|---|---|
| Name | Kelli Brown |
| Job or Title *(if known)* | Rural Carrier, Rte1 Midville Post Office |
| Street Address | 238 N. Railroad St. |
| City and County | Midville  Burke |
| State and Zip Code | Georgia  30441 |
| Telephone Number | (478) 589-7270 |
| E-mail Address *(if known)* | Janice M. Sutton@USPS.gov |

Defendant No. 4

| | |
|---|---|
| Name | Carlton M. Hadden |
| Job or Title *(if known)* | EEOC Director of Federal Operations |
| Street Address | P.O. Box 77960 |
| City and County | Washington, D.C. |
| State and Zip Code | District of Columbia 20013 |
| Telephone Number | (202) 921-3191 |
| E-mail Address *(if known)* | CarltonHadden@EEOC.gov |

## C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Midville Post Office |
| Street Address | 238 N. Railroad St. |
| City and County | Midville  Burke |
| State and Zip Code | Georgia  30441 |
| Telephone Number | (478) 589-7270 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Other federal law *(specify the federal law)*:

4th Amendment to the U.S. Constitution

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

III.   **Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☑   Termination of my employment.

☐   Failure to promote me.

☑   Failure to accommodate my disability.

☑   Unequal terms and conditions of my employment.

☑   Retaliation.

☑   Other acts *(specify)*:   Retaliations on career hiring&U.I.-EEOC discrimination complaints

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

7/2015 to present: 7/24,8/5,8/21/2015;1/2,1/3,1/25,2/15,2/16,3/2,3/10,3/15,4/11-13,5/2,5/18/2017

C.   I believe that defendant(s) *(check one)*:

☑   is/are still committing these acts against me.

☐   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑   race            past affiliation w/naacp, civil rights

☑   color            white male w/asian wife&daughter

☑   gender/sex      female relative hire female relative

☑   religion          christian democrat fired w/o reason

☑   national origin    white UScitizen/50yrs,USgovt.serv.

☑   age *(year of birth)*      1941      *(only when asserting a claim of age discrimination.)*

☑   disability or perceived disability *(specify disability)*

Left-handed Dependency due to govt. service injuries

E.   The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

This is a refiling of CV 120-173 following a 6/2/2021 Appeal of Chief Judge Halls' decision on 5/10/2021, adopting Magistrate Epps' recommendations & dismissing my complaint without prejudice, closing the civil action..for failing to timely effect service.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.  Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

February 17, 2017. I also initiated a EEOC complaint in July, 2015 but did not pursue it at that time. The NRLC union intervened and temporarily had me re-instated in my career mail carrier position, with the agreement that I would not be given a 'grievable reason' for one year. I was still allowed to be harassed.

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*    09/07/2020          .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Floyd E. Cross, a/k/a
Shad L.,[1]
Complainant,

v.

Megan J. Brennan,
Postmaster General,
United States Postal Service
(Southern Area),
Agency.

Request No. 2020001332

Appeal No. 0120182792

Agency No. 4G-320-0088-17

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or
Commission) reconsider its decision in Shad L. v. U.S. Postal Serv., EEOC Appeal No.
0120182792 (Oct. 23, 2019). EEOC Regulations provide that the Commission may, in its
discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29
C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision
involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will
have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. §
1614.405(c).

In the underlying complaint, Complainant, a Rural Carrier at the Post Office in Midville, Georgia,
alleged that the Agency subjected him to discrimination and a hostile work environment on the
bases of sex (male), disability (extreme left-handedness, vision requiring eyeglasses, pacemaker,
and a knee condition), age (75), and in reprisal for prior protected EEO activity when: (1) on July
24, 2015, management issued Complainant a Letter of Warning (LOW); (2) on August 5, 2015,
management issued Complainant a Notice of Removal; (3) on August 21, 2015, management
placed Complainant in emergency, off-duty status; (4) on January 3, 2017, management issued

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name
when the decision is published to non-parties and the Commission's website.

2                                      2020001332

Complainant a LOW; (5) on January 25, 2017, management issued Complainant a LOW; (6) on February 15, 2017, management issued Complainant a LOW; (7) about February 16, 2017, management issued Complainant a seven-day suspension; (8) on February 16, 2017, management placed Complainant in emergency, off-duty status; (9) on March 2, 2017, management issued Complainant a Notice of Removal; (10) on April 13, 2017, management placed Complainant in emergency, off-duty status; (11) on May 2, 2017, management issued Complainant a Notice of Removal; (12) about March 15, 2017, the State of Georgia Unemployment Office denied Complainant's claim for unemployment benefits; (13) on April 12, 2017, the State of Georgia Unemployment Office denied Complainant's unemployment benefits appeal; and (14) on May 18, 2017, the State of Georgia Unemployment Office denied her claim and appeal for benefits.

The Agency accepted claims (4) through (11) for an investigation and dismissed claims (1) – (3) and (12) – (14) pursuant to 29 C.F.R. §§ 1614.107(a)(1) and (a)(2). The Agency determined that Complainant raised (1) through (3) in an untimely manner with an EEO Counselor and that (12) through (14) failed to state a claim because they amounted to a collateral attack on another forum. Following an investigation, Complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ assigned to the matter issued a summary judgment decision in favor of the Agency finding no discrimination or reprisal. The Agency issued a final order fully implementing the AJ's decision. Our previous decision concluded that even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in his favor. Therefore, we affirmed the final order finding no discrimination or reprisal.

In the instant request for reconsideration, Complainant expresses his disagreement with the previous decision and reiterates arguments previously made on appeal. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 0120182792 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

3                                                                2020001332

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

September 2, 2020
Date

4                                             2020001332

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Floyd E. Cross
161 E. Lee St.
Midville, GA 30441-4215

Keven Crayon, II
125 Townpark Drive
Ste. 300
Kennesaw, GA 30144

U.S. Postal Service (Southern)
NEEOISO - Appeals
U.S. Postal Service
Via FedSEP

September 2, 2020
Date

Compliance and Control Division

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

At my removal I requested $250,000 for damages, lost wages,& benefits. The Postal Service has never been willing to negotiate or discuss my removal. If I had been permitted to work a 20 yr career status retirement, I would have earned at least $ 2,000,000. However, the 20 yrs working with the Postal Service as a RCA ; a rural carrier associate to a regular career mail carrier did not provide me with any retirement benefits at all. We temporaries do this to qualify for a career position with benefits. This is highly discriminatory to millions of postal workers in non-career status positions. This promotes the type of employment discrimination abuse that has prompted this civil case. The EEOC in ruling against my reconsideration appeal said as much. Plaintiff has failed to show how a ruling in his favor would positively affect rules,regulations, procedures of the Agency. Employment discrimination hurts everyone as it does here. I request at least $5 million & a revision of the USPS's procedures,

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:         07/08/2021

Signature of Plaintiff        Floyd E. Cross    *Floyd E. Cross*
Printed Name of Plaintiff     Floyd E. Cross

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address



Mr Floyd Cross
161 E Lee St
Midville, GA 30441

CLERK, U.S. District Court
Southern District of Georgia
Post Office Box 1130
Augusta, Georgia 30903